**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 28 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELANIE NICOLE CASTRO GALARRAGA; MOISES DAVID PAZ ALVARADO; L. G. P. C., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-4077 <br><br> Agency Nos. <br> A245-803-854 <br> A245-803-855 <br> A245-803-856 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.***

Petitioners Melanie Nicole Castro Galarraga, her husband, and their minor

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

child (collectively, "Castro Galarraga") petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), we deny the petition.

1. Substantial evidence supports the BIA's determination that "small businessowners" is not a legally cognizable particular social group. "[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021). The fact that Castro Galarraga made philanthropic donations and had a social media presence does not change the immutability analysis.

Substantial evidence also supports the BIA's determination that Castro Galarraga's potential social groups of people opposed to criminals or crime victims do not bear a *nexus* to a protected ground. While Castro Galarraga asserts that she was a member of the group of "victims who oppose criminals and took steps of filing a complaint against the criminals," a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

"Because she failed to establish eligibility for asylum, we must also deny her petition for review of the denial of her claim for withholding of removal." *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

2. Substantial evidence supports the BIA's denial of CAT relief. Castro Galarraga offers generalized evidence to support her claim of future torture and governmental acquiescence, such as the State Department's report indicating that Ecuador suffers from "serious problems with the independence of the judiciary," "serious restrictions on freedom of expression and media," and "serious government corruption." But "[g]eneralized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture." *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). And Castro Galarraga's attempt to obtain police protection does not compel the conclusion that the government would acquiesce in any future torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

**PETITION DENIED.**[1]

---

[1] The motions for a stay of removal, Dkt. Nos. 4, 10, are denied. The temporary stay of removal is lifted.